IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY AC D.C.
05 SEP 30 PM 3:51

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| GORDON NEWSOME, GAVIN NEWSOME, CLARISSA NEWSOME, and DESTINY NEWSOME, minors, by HAZEL B. THOMPSON, Guardian and Next Friend,<br><br>Plaintiffs,<br><br>vs.<br><br>PRIMERICA LIFE INSURANCE CO., And STEVE A. STOKES,<br><br>Defendants. | No. 04-2752BV |

**REPORT AND RECOMMENDATION ON DEFENDANT'S RULE 37 MOTION TO DISMISS AS A SANCTION FOR FAILURE TO RESPOND TO STOKES' PENDING MOTION TO DISMISS AND FOR FAILURE TO PARTICIPATE IN DISCOVERY**

Before the court is the August 26, 2005 motion of the defendants, Primerica Life Insurance Co. and Steve A. Stokes, pursuant to Rule 37 of the Federal Rules of Civil Procedure to dismiss the plaintiffs' complaint as a sanction for failing to comply with the court's discovery order of August 8, 2005 requiring the plaintiffs to file and serve responses to Primerica's discovery requests by August 22, 2005 and to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failing to obey Judge J. Daniel Breen's order of July 22, 2005 directing the plaintiffs to respond to Stokes' pending motion to dismiss by August 24, 2005.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-3-05

22

The motion was referred to the United States Magistrate Judge for a report and recommendation and/or determination. The plaintiffs have not responded to the motion, and the time for response has expired. For the reasons that follow, it is recommended that the defendants' motion to dismiss as a sanction for failure to obey the court's discovery order be denied at this time but that the motion to dismiss for failure to obey Judge Breen's order to respond to the defendants' motion to dismiss be granted, and that the plaintiffs' complaint be dismissed without prejudice.

The defendants served interrogatories and requests for production of documents on the plaintiffs on June 14, 2005. The plaintiff failed to respond. On July 28, 2005, the defendants moved to compel the plaintiff to respond to its First Set of Interrogatories and Requests for Production of Documents. The plaintiff failed to respond to the motion to compel. The court granted the motion on August 8, 2005, stating that the plaintiffs should fully and completely respond within ten days, which would have been on or before August 22, 2005. The plaintiffs have failed to respond to the defendants' discovery requests as ordered by the court. On August 26, 2005, the defendants' filed this present motion to dismiss the complaint as a sanction for failing to comply with the court's order to provide discovery responses. The plaintiffs' response to the motion was due on September 13, 2005,

2

and the plaintiffs have failed to file a responsive pleading to the defendants' motion.

If a party fails to serve answers to interrogatories or produce documents after proper service of discovery requests, the court "may make such orders that are just" including the imposition of any of the sanctions listed in Rule 37(b)(2)(A),(B), & (C), among which is dismissal of the action. FED. R. CIV. P. 37(d). The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort." *Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). Dismissal may be imposed "only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith or fault." *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). In determining whether to dismiss an action for failure to cooperate in discovery, the court should consider (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

It is unnecessary, however, to consider all four factors because the third factor, whether the plaintiffs have been warned, has not been satisfied with respect to the discovery order. Therefore, dismissal is not appropriate at this time on that ground. The plaintiffs are warned that future failure to comply with court orders, including specifically discovery orders, will result in dismissal of the complaint.

Dismissal is appropriate, however, under Rule 41 for failure of the plaintiffs to comply with Judge Breen's order to respond to Stokes' motion to dismiss. On July 22, 2005, Judge Breen ordered the plaintiffs to file a response to the motion to dismiss within thirty days of the date of entry of the court's order, which entry occurred on July 25, 2005. In the order, the court warned the plaintiffs that failure to comply with orders of the court would lead to dismissal of the complaint. The plaintiffs failed to comply with the court's order and have failed to file a response to the motion to dismiss.

Rule 41(b) provides:

(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19,

4

operates as an adjudication upon the merits.

Here, the plaintiffs have failed to comply with an order of the court and has offered no justification for her failure. The plaintiffs were sufficiently warned that failure to comply with the court's order would result in dismissal of their claims against the defendants.

Accordingly, it is recommended that the plaintiffs' claims be dismissed without prejudice under Rule 41(b). It is recommended that the dismissal be without prejudice because this a claim by minors. It should be noted that Hazel B. Thompson is proceeding pro se at this time but she cannot represent the minors in a pro se capacity. In the alternative, it is recommended that the plaintiffs be ordered to appear before Judge Breen and show cause why this case should not be dismissed.

Respectfully submitted this 15th day of September, 2005.

_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 22 in case 2:04-CV-02752 was distributed by fax, mail, or direct printing on October 3, 2005 to the parties listed.

---

Hazel D. Thompson
4020 Pattye Ann Dr.
Memphis, TN 38116

Thomas Lang Wiseman
WISEMAN BIGGS BRAY PLLC
1665 Bonnie Lane
Ste. 106
Memphis, TN 38016

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT