IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

GORDON NEWSOME, et al.,

    Plaintiffs,

v.                                   No. 04-2752 B

PRIMERICA LIFE INSURANCE CO.
and STEVE A. STOKES,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On August 26, 2005, the Defendants, Primerica Life Insurance Co. and Steve A. Stokes, moved to dismiss the complaint of the Plaintiffs, Gordon Newsome, et al., for failure to comply with Court orders and for failure to prosecute. The motion was referred to the magistrate judge for report and recommendation and/or disposition. On September 30, 2005, the magistrate judge recommended that

> the plaintiffs' claims be dismissed without prejudice under Rule 41(b). It is recommended that the dismissal be without prejudice because this [is] a claim by minors. It should be noted that Hazel B. Thompson is proceeding pro se at this time but she cannot represent the minors in a pro se capacity. In the alternative, it is recommended that the plaintiffs be ordered to appear before Judge Breen and show cause why this case should not be dismissed.

(Report and Recommendation on Def.'s Rule 37 Mot. to Dismiss as a Sanction for Failure to Resp. to Stokes' Pending Mot. to Dismiss and for Failure to Participate in Disc. at 5.) When no objections were filed by the Plaintiffs within the time period permitted therefor, the Court, on October 17, 2005, entered an order directing the Plaintiffs to show cause, within 15 days of the entry of the order, why this case should not be dismissed. The Plaintiffs were specifically admonished therein that "failure

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-8-05



to respond within the time period allotted will result in dismissal of their complaint without prejudice." (Order to Show Cause Why Case Should Not Be Dismissed at 2.) According to the docket, no response to the Court's order has been filed.

Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . ." Fed. R. Civ. P. 41(b). The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's

conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that his failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, the Plaintiffs have violated the directives of this Court by failing to respond to motions and to the orders of this Court. Moreover, the Plaintiffs have made no effort whatsoever to move this case forward or even to object to the magistrate judge's recommendation for dismissal. The necessity of monitoring a case that the Plaintiffs have dilatorily permitted to languish indefinitely clearly works some hardship on the Defendants. In addition, the Plaintiffs have been advised in no uncertain terms that failure to respond to the Court's directives will result in dismissal of their claims. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiffs' failure to prosecute this matter.

Based on the foregoing, the Plaintiffs' lawsuit is hereby DISMISSED without prejudice.

IT IS SO ORDERED this 7th day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 24 in case 2:04-CV-02752 was distributed by fax, mail, or direct printing on December 8, 2005 to the parties listed.

---

Thomas Lang Wiseman
WISEMAN BIGGS BRAY PLLC
1665 Bonnie Lane
Ste. 106
Memphis, TN 38016

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Hazel D. Thompson
4020 Pattye Ann Dr.
Memphis, TN 38116

Honorable J. Breen
US DISTRICT COURT